DLD-202                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1788
_____

CALEB L. MCGILLVARY,
                                                Appellant

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES
IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY UNITED
STATES DEPARTMENT OF HOMELAND SECURITY; JOHN DOE 1, Director of
U.S. Immigration & Customs Enforcement; JOHN DOE 2, Special Agent in Charge,
Immigrations & Customs Enforcement Newark Field Office
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:25-cv-01497)
District Judge:  Honorable Evelyn Padin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 21, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: September 2, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Caleb McGillvary appeals the District Court's order dismissing his complaint without prejudice for lack of jurisdiction. For the reasons that follow, we will summarily affirm the District Court's order.

McGillvary is currently serving a lengthy prison sentence after being convicted of first-degree murder in New Jersey. In 2025, McGillvary filed a complaint in which he alleged that he is a Canadian-born American Indian and as such has a right to travel the border between Canada and the United States by land and is unremovable. He sought a declaration that he was a lawful permanent resident as well as an injunction preventing the Government from deporting him. McGillvary submitted a document from his state prison which indicates that a detainer has been lodged against him for immigration violations.

The District Court dismissed the complaint without prejudice for lack of jurisdiction. It determined that (1) the Declaratory Judgment Act (DJA) did not create an independent basis for jurisdiction; (2) it lacked jurisdiction under 8 U.S.C. § 1252(g); (3) McGillvary had not identified a basis for mandamus relief; and (4) the Commerce Clause did not provide jurisdiction. McGillvary filed a timely notice of appeal. As he is proceeding in forma pauperis, McGillvary was informed that we would consider possible dismissal pursuant to 28 U.S.C § 1915(e)(2)(B) and possible summary action. Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4 (2011).

The District Court was correct that, pursuant to 8 U.S.C. § 1252(g), federal courts lack jurisdiction to hear any claim by an alien arising from the Attorney General's decision to commence removal proceedings. This statute provides that

> [e]xcept as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). It is not clear from the record whether immigration proceedings have been formally commenced against McGillvary. To the extent that he seeks to challenge the commencement of removal proceedings against him, the District Court did not err in determining that it lacked jurisdiction over such a claim. And to the extent that McGillvary is challenging the Government's failure to commence removal proceedings, during which his immigration status could be determined, the District Court lacked jurisdiction for the same reasons. See Zundel v. Holder, 687 F.3d 271, 279 (6th Cir. 2012) (noting that "8 U.S.C. § 1252(g) bars the court from hearing any claim arising from the Attorney General's decision to adjudicate (or not adjudicate) cases"); Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 599 (9th Cir. 2002) (construing § 1252(g) as including not only whether to commence a proceeding but also when to commence).

McGillvary argues that decisions to arrest and detain noncitizens are not covered by 8 U.S.C. § 1252(g). He also contends that the detainer is evidence that his removal is imminent. An immigration detainer, however, is merely a request to the entity housing the prisoner. See City of Philadelphia v. Att'y Gen., 916 F.3d 276, 281 (3d Cir. 2019) (explaining that "[o]nce ICE identifies a removable [noncitizen] who is in state or local

custody, it cannot simply wrest that individual from custody" but may issue a detainer advising the other agency that it seeks custody of the noncitizen); see also Galarza v. Szalczyk, 745 F.3d 634, 640 (3d Cir. 2014) (noting that "[a]ll Courts of Appeals to have commented on the character of ICE detainers refer to them as 'requests' or as part of an 'informal procedure'"). There is nothing in the record which indicates that New Jersey intends to give up custody of McGillvary before he is released on parole or his maximum sentence expires. (It appears from McGillvary's documents that the earliest this would happen would be in 2061.)

The District Court was also correct that the DJA does not provide an independent basis of jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (noting that the act is procedural and "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"); Allen v. DeBello, 861 F.3d 433, 444 (3d Cir. 2017) (explaining that the DJA "does not . . . provide an independent basis for subject-matter jurisdiction; it merely defines a remedy").

Moreover, the District Court did not err in determining that it lacked jurisdiction under 28 U.S.C. § 1361. That statute provides that District Courts have original jurisdiction over a mandamus action to compel an employee of the United States to perform a duty owed to a plaintiff. We have explained that jurisdiction under the mandamus statute is conditioned on the unavailability of adequate alternative remedies. Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs., 2 F.4th 121, 132 (3d Cir. 2021). Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear

4

nondiscretionary duty." <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984). McGillvary has not established that he has no other avenues of relief for a determination of his immigration status or that any defendant owes him a clear duty to act.

And, finally, for the reasons given by the District Court, we agree that it did not have jurisdiction over McGillvary's claims pursuant to the Commerce Clause.

For essentially the reasons given by the District Court, we will summarily affirm the District Court's judgment. <u>See</u> Third Circuit I.O.P. 10.6. McGillvary's motion to proceed on the original record is granted. His other motions and requests are denied.